# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**SHELLY R. SMITH,**

    **Plaintiff,**

v.                                                                                      **Civil Action No. 3:07CV67**
                                                                                     **(BAILEY)**

**MICHAEL J. ASTRUE,**
**Commissioner of Social**
**Security,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert (Doc. 17), the defendant's objections (Doc. 18), and the petitioner's response (Doc. 19). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections permits the district court to review the recommendation under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. **See Webb v. Califano,** 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the defendant objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the option of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 17)** should be, and is, **ORDERED ADOPTED**.

On June 1, 2007, the plaintiff filed her Complaint (Doc. 1) seeking judicial review of an adverse decision by the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3). By standing order of the Court, this case was referrred to the United States Magistrate Judge James E. Seibert, for proposed findings of fact and a recommended disposition. Thereafter, the parties filed their respective motions for summary judgment. In support of her motion, plaintiff contends that the Administrative Law Judge (ALJ) erred in determining plaintiff's Residual Functional Capacity (RFC) and in formulating the hypothetical posed to the Vocational Expert (VE) because the ALJ failed to consider plaintiff's need to periodically miss work. Additionally, the claimant asserts that the ALJ erred by failing to consider the opinion of Dr. Gingold, the plaintiff's treating physician, and by misrepresenting the plaintiff's credibility through selective citation of the record. In response, the defendant argues that the RFC and the hypothetical posed to the VE properly accounted for all of the claimant's limitations, and further, that the ALJ did not err in evaluating Dr. Gingold's opinion and in assessing the plaintiff's credibility.

Upon consideration of the above, Magistrate Judge Seibert concluded that the ALJ had in fact erred in the formulation of the claimant's RFC and the hypothetical posed to the VE by failing to consider all relevant evidence, namely any evidence suggesting the need of the plaintiff to periodically miss work. In addition, Magistrate Judge Seibert found that the ALJ failed to sufficiently articulate the consideration of Dr. Gingold's opinion. As a final matter, Magistrate Judge Seibert concluded that the use of selective citation of the plaintiff's own testimony to discredit the plaintiff's subjective complaints ran afoul to the credibility analysis necessitated by **Craig v. Chater**, 76 F.3d 585 (4th Cir. 1996). In response, the defendant filed Objections to the Magistrate Judge's Report and

Recommendation on December 5, 2007 (Doc. 18). There, defendant contends that the Report and Recommendation impermissibly re-weighs evidence, and that the ALJ adequately documented the discrediting of Dr. Gingold's opinion.

In evaluating defendant's first objection, that the Report and Recommendation impermissibly re-weighs evidence, the Court concurs with the finding of the Magistrate Judge. Specifically, the defendant argues that the ALJ erred in formulating the claimant's RFC, as well as the hypothetical posed to the VE, and in assessing the claimant's credibility by improperly substituting the judgment of the Magistrate Judge for the that of the ALJ. Under Fourth Circuit law, when exercising judicial review over an ALJ's decision under the substantial evidence standard, the reviewing court may not, "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." **Johnson v. Barnhart**, 434 F.3d 650, 653 (4th Cir. 2005) (citations omitted). In regard to the RFC and the formulation of the VE hypothetical, the Magistrate Judge found that despite the ALJ's conclusion that the claimant suffered from "severe" migraine headaches, the ALJ failed to consider the possibility that the plaintiff may periodically need to miss work. In light of the uncontroverted evidence on the record in the form of repeated diagnosis of migraine headaches of a debilitating nature, the Court finds that a failure to consider plaintiff's potential to miss work for even a half day was error. Similarly, the ALJ's decision to include only the plaintiff's environmental limitations in the hypothetical posed to the VE was also error given the unrebutted medical records indicating the potential need to periodically miss work.

Furthermore, the Court finds the defendant's contention that the above analysis

constitutes an impermissible re-weighing of evidence unpersuasive. In the instant matter, the Court is not taking issue with the relative weight accorded by the ALJ to competing pieces of evidence. Rather, the is Court merely taking note that the failure to consider the plaintiff's relevant and unrebutted medical records suggesting the possibility that the plaintiff may need to miss work on occasion, or even at a minimum to have the option of take a break in the event that a migraine occurred, without any further explanation is not supported by substantial evidence.

Similarly, the Magistrate Judge's conclusion, that the use of selective citation of the plaintiff's testimony to discredit the plaintiff's subjective complaints ran afoul to the credibility analysis necessitated by *Craig*, does not amount to an impermissible re-weighing of evidence. Under *Craig*, a claimant alleging disability stemming from subjective symptoms has the initial burden of showing the existence of a medically determinable impairment capable of causing the symptoms alleged. *Craig*, 76 F.3d at 594. If the claimant makes this showing, the ALJ must expressly consider whether the claimant has the alleged condition on the basis of all evidence, including plaintiff's subjective statements. *Id.* at 595-96. Further, if the ALJ chooses to discredit plaintiff's subjective complaints she must provide a reason for doing so. SSR 96-7p.

In the instant matter, the ALJ did not follow the process outlined above. Instead, after finding the first prong of the analysis met, the ALJ discredited the plaintiff's subjective complaints through the selective citation of plaintiff's own testimony on her daily activities. *See Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006) (holding that the ALJ erred by selectively citing evidence concerning tasks claimant could perform while simultaneously

ignoring plaintiff's testimony of his limitations in performing those task).  Here, plaintiff provided testimony on her ability to perform an extensive list of daily activities when she was not suffering from a migraine.  This testimony in turn was used by the ALJ to discredit plaintiff's subjective complaints.  However, in doing so, the ALJ failed to consider the plaintiff's indication that she could only perform those task when she was not suffering from a migraine.  As such, the Court finds the ALJ's approach contrary to the requirements of ***Craig***.  In so finding, the Court is not impermissibly reassessing the plaintiff's credibility as asserted in the defendant's objections to the Report and Recommendation.  Rather, the Court is merely stating that by recasting plaintiff's qualified statements as ones of an absolute nature, and by subsequently relying on the statements' new found absolute nature to disprove the existence of the plaintiff's initial qualification, the ALJ has attempted to undermine the plaintiff's credibility in an impermissible way.  ***See Hines***, 453 F.2d at 565.

As a final matter, the Court concurs with the finding of the Magistrate Judge, that the ALJ failed to sufficiently document his consideration of Dr. Gingold's medical opinion.  Under the law of this Circuit, the ALJ has a duty to "explore all relevant facts and inquire into the the issues necessary for adequate development of the record."  ***See Cook v. Heckler***, 783 F.2d 1168, 1173 (4th Cir. 1986).  In doing so, the ALJ "must indicate explicitly that such evidence has been weighted and its weight."  ***Jordan v. Califano***, 582 F.2d 1333, 1335 (4th Cir. 1978).  In the present case, the ALJ's treatment of Dr. Gigold's opinion consisted only in the referencing of exhibits, which is insufficient to provide meaningful judicial review.  ***See Jordan***, 582 F.2d at 1335.  As noted by the United States Court of Appeals for the Fourth Circuit, "[a] bald conclusion, unsupported by reasoning or evidence,

is generally of no use to a reviewing court, except in the every rare instance when a case is so one-sided as to be obvious." *Id.* This is not such a case.

For the foregoing reasons, and those more fully stated in the Report and Recommendation of the Magistrate Judge (Doc. 18), the Court hereby **ORDERS** as follows:

1. That **Plaintiff's Motion for Summary Judgment (Doc. 12) is GRANTED;**

2. That **Defendant's Motion for Summary Judgment (Doc. 15) is DENIED;** and

3. That the case be **REMANDED** for proper consideration and documentation of the opinion of Dr. Gingold, plaintiff's subjective complaints, and the plaintiff's RFC and VE hypothetical in light of the unrubutted evidence on the record.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated: April 25, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE